IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

OLIVER E. GRIFFIN                                                                                    PLAINTIFF

v.                                    Cause  No. 1:10-cv-01058

WAL-MART                                                                                          DEFENDANT

### REPORT AND RECOMMENDATION
### OF A UNITED STATES MAGISTRATE JUDGE

Before this Court is Plaintiff's Motion for Service.  ECF No. 2.  Plaintiff filed this Motion on August 20, 2010.  *Id.*  This Motion was referred to this Court by the Honorable Harry F. Barnes pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005).  This matter is now ready for decision.

### 1. Background

On August 20, 2010, Plaintiff filed his Complaint in this Court, alleging Wal-Mart violated the American with Disabilities Act ("ADA") when he was terminated in January of 2010.  *Id.*  He seeks "back pay of wages, salary and fringe benefits."  *Id.*

Plaintiff seeks these damages based upon the following allegation of discrimination:

> I was hired in the position of Overnight Stocker by the above named employer on March 4, 2002.  My employer was aware of my wife's on-going medical condition, which was covered by my employer-provided insurance.  I was discharged on January 24, 2010.  The reason given for my discharge was "Off Job without authorization."  I believe I was discharged because of my relationship with my wife in violation of the Americans with Disabilities Act ("ADA").

In essence, Plaintiff claims Wal-Mart violated the ADA by terminating him because of his wife's "on-going medical condition" or disability.

On the same date his Complaint was filed, Plaintiff filed a Motion for Leave to Proceed *In forma pauperis.* ECF No. 2. This Court granted that IFP motion on August 20, 2010 and allowed Plaintiff to proceed without payment of fees.

## 2. Applicable Law

In cases where an IFP application has been granted and service must be ordered, the courts are permitted to review the case and determine whether that case has merit. Pursuant to the IFP provisions, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal (ii) fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

## 3. Discussion

The ADA provides protection for individuals with disabilities who are discriminated against in their employment due to their disabilities. 42 U.S.C. §§ 12111-12117. The individuals protected by the ADA include only "qualified individuals" or "individuals with disabilities." *Id.* § 12111(8)-(9). *Wood v. Crown Redi-Mix, Inc.,* 339 F.3d 682, 686 (8th Cir. 2003) (holding that the ADA forbids discrimination against an employee "because of the disability of *such individual*"). In the present action, Plaintiff argues in his Complaint that he was discriminated against due to the disability of *his wife*, not *himself.* Since he is not claiming that he was discriminated due to his *own* disability, he is not a "qualified individual" under the ADA, and his case must be dismissed.

## 4. Conclusion

Based upon the foregoing, this Court recommends that Plaintiff's Motion for Service (ECF No. 2) be **DENIED** and that Plaintiff's Complaint be **DISMISSED**. *See* 28 U.S.C. § 1915(e)(2).

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**IT IS SO ORDERED** this **31st day of August, 2010.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE